IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. HENRY, | ) | |
| | ) | CIVIL ACTION NO. 3:20-cv-206 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| DANIEL CLINE, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636 and Local Civil Rule 72.

The Magistrate Judge filed a Report and Recommendation on April 2, 2021 (ECF No. 20), recommending that Mr. Henry's Complaint be dismissed for failure to state a claim without leave to amend. (*Id.* at 1).

Mr. Henry was notified that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen days to file written objections to the Report and Recommendation. (*Id.* at 5). Mr. Henry timely filed objections on April 12, 2021. (ECF No. 21). I have reviewed Mr. Henry's objections and find them meritless.

In his objections, Mr. Henry requests that this Court appoint counsel to represent him in this matter. (ECF No. 21 at 5). The Third Circuit has instructed district courts determining whether to appoint counsel for indigent civil litigants to first "assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak,* 294 F.3d 492, 498–99 (3d Cir. 2002). If a claimant overcomes that threshold hurdle, courts then consider a number of factors, such as the plaintiff's ability to present his or her own case. *Id.* at 499; *see also Funyak v. Pennrose*

*Mgmt. Co.*, 2:19-CV-01331-CCW, 2021 WL 3549326, at *1 (W.D. Pa. Aug. 11, 2021) (noting that the Third Circuit has indicated that the plaintiff's ability to present a case is perhaps the most significant consideration and depends on several factors, such as: the plaintiff's education, literacy, prior work experience, and prior litigation experience). Here, the Court agrees with Magistrate Judge Pesto that Mr. Henry's current Complaint (ECF No. 8) is meritless. Moreover, even assuming that the Court had concluded otherwise, a weighing of the factors that the Third Circuit has outlined would also lead the Court to conclude that it is inappropriate to appoint counsel to represent Mr. Henry at this time. *Montgomery*, 294 F.3d at 499. Therefore, the Court will deny Mr. Henry's request that it appoint counsel to represent him.

On September 2, 2021, Mr. Henry submitted a memorandum to the Court, arguing that at least one defendant in this case retaliated against him for filing the present Complaint by initiating disciplinary proceedings against him within the prison. (*See* ECF No. 27). Especially in light of this allegation, the Court will permit Mr. Henry leave to amend his Complaint.

Therefore, after *de novo* review of the record and the Report and Recommendation, the following order is entered:

**AND NOW**, this 27th day of December, 2021, **IT IS HEREBY ORDERED** that the Complaint be dismissed with leave to amend. The Court adopts the Report and Recommendation as the opinion of this Court, except the Court does not adopt the final sentence of the first paragraph on the fourth page: "In short, there is no protected activity, no legally adverse action, and no causal connection between the two." (ECF No. 20 at 4). In its place, the Court substitutes the following: "In short, while plaintiff engaged in activity protected by the First Amendment (filing grievances), *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016), he has offered no indication

that there was any causal connection between that activity and the harm he allegedly suffered." Moreover, the Court does not adopt the final sentence of the final paragraph on page four of the Report and Recommendation, which states: "Amendment of the complaint is denied as futile." (ECF No. 20 at 4). Finally, the Court denies Mr. Henry's request to appoint counsel to represent him. (ECF No. 21).

Accordingly, Mr. Henry's claims against the Defendants are dismissed without prejudice. Mr. Henry may file an Amended Complaint if he so chooses.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Notice to by U.S. Mail to:

**Michael S. Henry**
MA6682
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000